UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ERIC MANUEL FERNANDEZ COLON,

Movant,

-against-

26-cv-3218 (PKC)

UNITED STATES OF AMERICA,

Respondent.

OPINION AND ORDER

-----------------------------------------------------------x

UNITED STATES OF AMERICA,

19-cr-536 (PKC)
12-cr-844 (PKC)

-against-

ERIC MANUEL FERNANDEZ COLON,

Defendant.

---------------------------------------------------------x

CASTEL, U.S.D.J.

Defendant Eric Manuel Fernandez Colon entered a guilty plea to the offense of conspiring to distribute or possess with the intent to distribute 500 grams and more of cocaine, for which he was sentenced principally to 108 months' imprisonment. Fernandez Colon also admitted to a violation of a term of supervised release imposed in a separate case, 12-cr-844 (PKC), for which he was sentenced principally to 60 months' imprisonment. Fernandez Colon now moves to vacate, set aside or correct the sentences imposed in the two matters. 28 U.S.C. § 2255.

The precise claims Fernandez Colon is asserting are not clearly explained but he seeks to have the term of imprisonment for violation of supervised release run concurrently with the term of imprisonment for the conviction in 19-cr-536 or to have the sentence for violation of supervised release vacated. He asserts that "[d]efense counsel failed to argue the facts of the case relative to the violation [of supervised release] being null and void, as the Petitioner did not commit a new offense on probation, but, was in turn superseded with a new indictment, in which he received the term of nine years." (19-cr-536, ECF 583.)

For reasons explained, the Court will deny the motion.

Procedural History

In April 2015, Fernandez Colon was sentenced principally to a term of 135 months' imprisonment and five years' supervised release for participating in a cocaine distribution conspiracy. (12-cr-844, ECF 207 & 256.) The sentencing judge noted that "[b]etween approximately October 2011 and November 2012, Fernandez was involved in a conspiracy to transport thousands of kilograms of cocaine from Puerto Rico to New Jersey, for ultimate redistribution in the Southern District of New York and other locations." (12-cr-844, ECF 252 at 6.) "For his role in the offense, Fernandez is held accountable for more than 150 kilograms of cocaine." (Id.)

After the death of the sentencing judge, Fernandez Colon's case was assigned to a new judge who, during the Covid-19 era, granted a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (12-cr-844, ECF 468.) On October 16, 2020, after serving about half of his original sentence, he was sentenced to time served and a term of supervised release of five years reimposed with a special condition of home confinement for twelve months with location monitoring at the discretion of the probation officer. (Id. at 8–9; 12-cr-

844, ECF 470.) Prior to the sentence reduction, his projected release date was in October 2024. (12-cr-844, ECF 468 at 2.)

In August 2022, Fernandez Colon was charged in a superseding indictment with participating in a cocaine distribution conspiracy that distributed 5 kilograms or more of cocaine from September 2018 to August 2022. (19-cr-536, ECF 284.) On September 13, 2023, he entered a plea of guilty to the lesser-included offense of conspiracy to distribute 500 grams or more of cocaine. In his plea agreement with the government, he stipulated that the quantity of cocaine distributed or intended for distribution was between 150 kilograms and 450 kilograms.

The Presentence Report described Fernandez Colon's participation in the 2018-2022 conspiracy as beginning upon his release on the first conspiracy, his participation in the new conspiracy with a co-defendant charged in the first conspiracy, and the similarity of the mode of distribution between the two conspiracies (concealment in wood flooring shipments vs. furniture shipments):

> ERIC MANUEL FERNANDEZ COLON is a Puerto-Rico based member of the DTO who is one of the individuals who was responsible for doing the "makeup" of the DTO's cocaine (i.e., wrapping and sanitizing the cocaine) for drug furniture shipments in 2021. Once the drugs were made up, FERNANDEZ COLON would contact NIEVES PEREZ to arrange to deliver the drugs to NIEVES PEREZ, so NIEVES PEREZ could conceal the drugs within the furniture and prepare for shipment. FERNANDEZ COLON was one of RODRIGUEZ GONZALEZ's co-defendants in her prior SDNY narcotics case, which involved the shipment of cocaine concealed inside purported wood flooring shipments. FERNANDEZ COLON began trafficking cocaine immediately upon his release and return to Puerto Rico in late 2020. FERNANDEZ COLON prepared the cocaine for four of the DTO's 2021 shipments, totaling approximately 384 kilograms of cocaine. During the investigation, the DEA surveilled FERNANDEZ COLON picking up bulk cash from NIEVES PEREZ. At the time of his arrest in Puerto Rico, the DEA recovered a one-kilogram brick of cocaine from FERNANDEZ COLON's residence.

(Presentence Report ¶ 30.) In his Guidelines calculation, he received a minor role adjustment. (Id. ¶ 67.) Fernandez Colon, by his counsel, expressed that he had no objection to the facts set forth in the presentence report or to the Guidelines calculation. (19-cr-536, ECF 559 at 4.) The Court sentenced Fernandez Colon principally to 108 months' imprisonment, the top of the advisory Guidelines range. (19-cr-536, ECF 533.)

With regard to the violation of terms of supervised release in 12-cr-844, Fernandez Colon admitted that he had committed a violation by participating in the second cocaine conspiracy. (12-cr-844, ECF 490 at 11.) Before accepting his admission, the Court made it clear to him that the sentence to be imposed for the violation of supervised release would be separate from and in addition to the sentence he received in the second criminal case:

> THE COURT: All right. Mr. Fernandez, do you understand that the sentence that is imposed for the violation of supervised release is not encompassed in the sentence for the crime which you have already pled guilty before me, which is a separate matter. The two sentences are separate, and they do not necessarily run together.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, I understand.
>
> THE COURT: All right. And by the criminal case that you pled guilty before me, I'm referring to the case docketed under 19 Cr. 536.
>
> Do you have any questions for me?
>
> THE DEFENDANT: No.

(Id. at 10–11.)

He had been similarly advised at the time of his earlier guilty plea to the underlying second conspiracy:

> THE COURT: The important thing you should know is, any sentence that you receive in this case is separate from and in addition to any sentence you may receive for the violation of supervised release.

Do you understand that?

THE DEFENDANT: Yes, I understand.

(19-cr-536, Sept. 13, 2023 Tr. at 9.)

For the violation of supervised release, he received a sentence of principally 60 months' imprisonment to run consecutive to the 108 months imposed in 19-cr-536. (12-cr-844, ECF 495.) The sentencing proceedings on the criminal conspiracy charge and the violation of supervised release were held concurrently, and Fernandez Colon was informed of his right to appeal:

> THE COURT: . . . You have the right to appeal the sentence I have imposed upon you. If you cannot afford the cost of an appeal, you may apply for leave to appeal as a poor person. The time limits for filing a notice of appeal are brief and they're strictly enforced. If you request, the clerk of court will prepare and file a notice of appeal on your behalf immediately.
>
> Do you understand that, sir?
>
> THE DEFENDANT: I understand.

(19-cr-536; ECF 559 at 23.)

Legal Standard

"Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." Adams v. United States, 372 F.3d 132, 134 (2d Cir. 2004) (citing 28 U.S.C. § 2255). Review of a section 2255 motion is "narrowly limited in order to preserve the finality of criminal sentences and to effect the efficient allocation of judicial resources." United States v. Hoskins, 905 F.3d 97, 102 (2d Cir. 2018)

(quoting Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)). In order to prevail on a section 2255 motion, a movant must show "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

An evidentiary hearing may be necessary if the motion "set[s] forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle [the movant] to relief." Gonzalez v. United States, 722 F.3d 118, 131 (2d Cir. 2013). But "[i]f the moving papers themselves disclose the inadequacies of the defendant's case . . . [the court] need not resort to an evidentiary hearing." United States v. Salameh, 54 F. Supp. 2d 236, 248 (S.D.N.Y. 1999) (Duffy, J.) (citing United States v. Helmsley, 985 F.2d 1202, 1210 (2d Cir. 1993)).

Fernandez Colon's Challenge is Procedurally Barred.

Fernandez Colon filed a notice of appeal from his judgment of conviction in 19-cr-536, which was subsequently dismissed. (19-cr-536, ECF 545 & 609.) He did not appeal the judgment of conviction for the violation of supervised release in 12-cr-844. Generally, a defendant is in procedural default if a claim raised in a section 2255 motion was not first raised in a direct appeal. Bousley v. United States, 523 U.S. 614, 622 (1998); see also Zhang v. United States, 506 F.3d 162, 166 (2d Cir. 2007). "This rule recognizes the 'tension' between collateral challenges and 'society's strong interest in the finality of criminal convictions' and, thus, 'make[s] it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack.'" Rajaratnam v. United States, 736 Fed. App'x 279, 281 (2d Cir. 2018) (summary order) (quoting Yick Man Mui v. United States, 614 F.3d 50, 53–54 (2d Cir. 2010)).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" Gupta v. United States, 913 F.3d 81, 84 (2d Cir. 2019) (citations omitted).

To demonstrate "cause," a movant must show "some objective factor external to the defense" prevented him from raising the issue earlier. Bloomer v. United States, 162 F.3d 187, 191 (2d Cir. 1998) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). "Cause" may be shown by a legal or factual basis "so novel that its legal basis was not reasonably available to counsel." Gupta, 913 F.3d at 84 (brackets omitted) (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)).

A movant may attempt to establish "cause" by asserting ineffective assistance of counsel, and courts apply the two-prong test in Strickland v. Washington, 466 U.S. 668 (1984). Sapia v. United States, 433 F.3d 212, 218 (2d Cir. 2005). Additionally, "a [section] 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001) (internal quotation marks omitted) (quoting Cabrera v. United States, 972 F.2d 23, 25 (2d Cir. 1992)).

On a claim of ineffective assistance of counsel, a defendant must first overcome the presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. Strickland, 466 U.S. at 688–90. Second, the defendant must prove prejudice by showing a reasonable probability that, but for counsel's performance, the result of the case would have been different. Id. at 693–94. It is insufficient to show that counsel's errors had "some

conceivable effect" on the outcome. Id. at 693. Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome" of the case. Id. at 694.

Actions or omissions by counsel that "'might be considered sound trial strategy' do not constitute ineffective assistance." United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000) (citation omitted). "Counsel's election to forgo an unsupported argument plainly falls into this category." Id.

Fernandez Colon asserts that his lawyer was ineffective in failing to "argue the facts of the case relative to the violation [of supervised release] being null and void, as the Petitioner did not commit a new offense on probation, but, was in turn superseded with a new indictment, in which he received the term of nine years." The gist of the claim appears to be that the filing of the "new indictment" meant that the charge of a violation of supervised release was not a "new offense" committed while on supervised release. In essence, the charge of a violation of supervised release was improper because it duplicated the charge in the superseding indictment. But this is not the law. See United States v. Meeks, 25 F.3d 1117, 1122 (2d Cir. 1994) ("[B]ecause a revocation proceeding is not a proceeding designed to punish a criminal defendant for violation of a criminal law, the defendant may be both punished for the supervised-release violation and prosecuted criminally for the same conduct without implicating principles of double jeopardy." (citations and internal quotation marks omitted)); see also United States v. Carlton, 534 F.3d 97, 101 (2d Cir. 2008). There would have been no merit to an argument by defense counsel that he was improperly charged with a violation of supervised release.

Indeed, the combined sentences imposed were well within the 40-year maximum for the count for which he was sentenced in 19-cr-536. See United States v. Wirth,

250 F.3d 165, 170 n.3 (2d Cir. 2001) ("It is well-settled . . . that punishment for a violation of supervised release is separate from punishment for the underlying conviction and may, when combined with the latter, exceed the statutory maximum for the underlying offense."). See also United States v. Colon, 39 F. App'x 638, 639 (2d Cir. 2002).

To the extent that Fernandez Colon complains that the sentence for a violation of supervised release should not have been consecutive, there also would have been no merit to that argument if raised by counsel. The Sentencing Guidelines advise (but do not compel) that "[a]ny term of imprisonment imposed upon the revocation of supervised release generally should be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release." U.S.S.G. § 7C1.4(b).

Fernandez Colon's counsel was not ineffective in forgoing arguments that would have failed. Best, 219 F.3d at 201. He raises no circumstance that would amount to cause for not raising a claim on direct appeal. Nor does he raise a claim of actual innocence, which means "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327–28 (1995)).

Fernandez Colon has failed to demonstrate cause for failure to raise the issues on direct appeal or make a claim of actual innocence.

CONCLUSION

The Court has construed liberally the motion of Fernandez Colon, asserted pro se, with special solicitude, deeming it to raise the strongest arguments consistent with the

motion. The motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk is respectfully requested to terminate the motion (19-cr-536, ECF 583 & 643) and close the case captioned Fernandez Colon v. United States, 26-cv-3218 (PKC).

Fernandez Colon has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. 28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: July 24, 2026
New York, New York

MAILED TO:

Eric Manuel Fernandez Colon
Register Number: 41288-069
F.C.I. Jesup
2680 Highway 301 South
Jesup, GA 31599